UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM EDWIN AGUILERA,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, acting Commissioner of Social Security,<br><br>Defendant. | No. 1:21-cv-00819-GSA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR EAJA ATTORNEY'S FEES**<br><br>**(Doc. 21)** |

### I.     Introduction and Procedural Background

On May 20, 2021 Plaintiff William Edwin Aguilera ("Plaintiff") sought judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for social security benefits.  Doc. 1.

After plaintiff moved for summary judgment the parties stipulated to remand the matter to the agency for further proceedings.  Doc. 19.  Pursuant to the stipulation, judgment was entered for Plaintiff the same day.  Doc. 20.

On August 24, 2022, Plaintiff brought the instant motion for attorneys' fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).  Doc. 21.  Plaintiff's counsel seeks $6,453.82 for 28 hours expended pursuing the case to judgment plus $400 in costs to cover the filing fee payment.  *Id.*  Defendant responded indicating no objection to the request.

### II.     Discussion

#### A.     Substantial Justification

##### 1.     Legal Standard

A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were

computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

A plaintiff appealing a denial of Social Security benefits need not be awarded benefits to be considered a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993). A plaintiff who obtains a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is also considered a prevailing party under the EAJA. *Id.* A prevailing party is entitled to a fee award when the position of the United States was not substantially justified. *See* 28 U.S.C. § 2412(d)(1)(B). While the prevailing party must only allege that the position of the United States was not substantially justified, the United States must carry the burden of establishing substantial justification. *See* 28 U.S.C. § 2412(d)(1)(B); *Scarborough v. Principi*, 541 U.S. 401, 414 (2004).

"To establish substantial justification, the government need not establish that it was correct or 'justified to a high degree' . . . only that its position is one that 'a reasonable person could think it correct, that is, has a reasonable basis in law and fact.'" *Ibrahim v. DHS*, 912 F.3d 1147, 1167 (9th Cir. 2019) (en banc) (quoting *Pierce v. Underwood*, 487 U.S. 552 (1988)). The substantial justification standard is satisfied if there is a "genuine dispute" of fact or law, even if the court ultimately rules against the government. *See Pierce*, 487 U.S. at 565. The determination of substantial justification is within the discretion of the district court. *Pierce v. Underwood*, 487 U.S. 552 (1988); *McDonald v. Sec'y of Health & Hum. Servs.*, 884 F.2d 1468, 1473 (1st Cir. 1989).

Pursuant to 28 U.S.C. § 2412(d)(2)(D) "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based . . .'" Thus, the substantial justification standard applies not

only to the underlying agency action in denying benefits, but also to the legal and factual positions advanced by the government's attorneys during the litigation.

### 2. **Analysis**

Plaintiff is a prevailing party, having obtained a judgment pursuant to stipulation. There is no contention that he is otherwise ineligible under 28 U.S.C. § 2412(d)(2)(B) based on his assets. Substantial justification of the Defendant's position is not at issue as Defendant did not file an opposition to Plaintiff's motion for summary judgment, nor did Defendant oppose the fee motion. A fee award is therefore appropriate.[1]

## B. **Fee Amount**

### 1. **Legal Standard**

Having determined a fee award is appropriate, the Court must consider the reasonableness of the fee request. *See* 28 U.S.C. § 2412(d)(2)(A). The Court has an "independent obligation for judicial review of the reasonableness of the amount of fees sought under the EAJA regardless of whether the request is opposed." *Douzat v. Saul*, 2020 WL 3408706, at *1 (D. Nev. June 11, 2020), citing *Lucas v. White*, 63 F. Supp. 2d 1046, 1060 (N.D. Cal. 1999). "This obligation is consistent with Ninth Circuit precedent outside the EAJA context that similarly highlights the Court's duty to review the reasonableness of a fee request." *Id,* citing *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992) (in addressing request for fees under 42 U.S.C. § 1988, indicating that "the district court is required to independently review [a] fee request even absent . . . objections").

Under fee shifting statutes, the movant generally bears the burden of documenting hours and establishing reasonableness of the fee request. *See, e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Counsel is entitled to compensation for all work a reasonable and prudent lawyer

---

[1] In such circumstances, the common practice in this district is for the parties to file a stipulation and proposed order for payment of EAJA fees. Despite Defendant indicating no objection to the motion, no stipulation or proposed order was forthcoming.

would undertake to advance her client's interests. *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982).

EAJA hourly rates are capped at $125.00 per hour plus annual cost of living adjustments pursuant to the formula set forth in *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005), and published electronically by the Ninth Circuit Court of Appeals. *See* 9th Cir. R. 39-1.6. The rate set for 2021 and 2022 was $217.54 per hour and $231.49, respectively.[2]

### 2. **Analysis**

Here, counsel seeks compensation for 28 hours of work. Doc. 21-1. "Courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012), quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)).

Some district courts decline to do a line-by-line review of the fee petition where the overall number of hours expended was reasonable. *Allen v. Berryhill*, Case No. 17-cv-03384-SI, 2019 WL 343422 (N.D. Cal. January 28, 2019) (70.85 hours); *Thompson v. Colvin* (E.D. Cal., Apr. 17, 2015, No. 2:12-CV-01850-AC) 2015 WL 1767733, at *2 (63.4 hours); *Schneider v. Colvin* (E.D. Cal., Feb. 9, 2016, No. 1:14-CV-0034-SKO) 2016 WL 500595, at *4 (55.4 hours)).

Other courts do conduct line-by-line reviews of fee petitions and deduct time sought for non-compensable work and for certain time entry practices. *See e.g.*, *Henderson v. Comm'r of Soc. Sec.*, No. 1:20-CV-0562 JLT, 2021 WL 2457540, at *3 (E.D. Cal. June 16, 2021) (eliminating time entries for duplicative tasks); *Mallard v. Berryhill,* No. 1:17-CV-01212 - JLT, 2019 WL 2389506, at *3 (E.D. Cal. June 6, 2019) (same); *Neil v. Comm'r of Soc. Sec.*, 495 F. App'x 845, 847 (9th Cir.

---

[2] *See* United States Courts for the Ninth Circuit, Statutory Maximum Rates Under the Equal Access to Justice Act, *available* at https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited November 7, 2022).

2012) (unpublished) (affirming reductions for clerical tasks, vague narratives, block billing, and use of quarter-hour billing increments).

Here, a line by line review reveals no excessive, vague, or non-compensable billing entries. To the contrary, the entries contained detailed descriptions of the work performed. Moreover, 28 hours is more than reasonable to review a 1584 page administrative record and draft what appears to be a detailed motion for summary judgment. The request will be granted.

### III.   Order

Accordingly, Plaintiff's motion for attorney fees and costs (Doc. 21) is **granted.** Fees of $6,453.82 and costs of $400, for a total amount of $6,853.82 are awarded in favor of Plaintiff William Edwin Aguilera and against Defendant Kilolo Kijakazi, acting Commissioner of Social Security.

Fees shall be made payable to Plaintiff. The Department of the Treasury shall determine whether Plaintiff owes a federal debt. If he does not, then the government shall cause the payment of $6,853.82 in fees and costs to be made directly to Plaintiff's Counsel, Jonathan Omar Peña, pursuant to the assignment executed by Plaintiff (Doc. 21-2).[3]

IT IS SO ORDERED.

Dated:   **November 8, 2022**                        **/s/ Gary S. Austin**
                                                                            UNITED STATES MAGISTRATE JUDGE

---

[3] *See Astrue v. Ratliff*, 560 U.S. 586, 593, 597 (2010).